UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ERIK T. HARRIS, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Civil Case No. 15-1552 (RJL) |
| | ) |
| UNITED STATES DEPARTMENT OF | ) |
| VETERANS AFFAIRS AND | ) |
| ROBERT A. McDONALD, SECRETARY, | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION
(July 6, 2016) [Dkt. #5]

Plaintiff Erik T. Harris ("plaintiff") brings this action against the United States Department of Veterans Affairs and the Secretary of Veterans Affairs Robert A. McDonald ("defendants"). In his three-count complaint, plaintiff alleges that defendants violated the Family and Medical Leave Act ("FMLA"), a statute that entitles eligible employees to take periods of leave under certain circumstances. *See* Compl. [Dkt. #1]. Presently before the Court is defendants' motion to dismiss plaintiff's claims or, in the alternative, to transfer this case to the United States District Court for the District of Maryland. Defs.' Mot. to Dismiss or in the Alternative to Transfer [hereinafter "Defs.' Mot."] [Dkt. #5]. Upon consideration of the parties' pleadings, the relevant law, and the entire record herein, defendants' motion to transfer is GRANTED, and the Court does not reach the remainder of the parties' arguments.

## BACKGROUND

In May 2012, plaintiff was hired to work for the United States Department of Veterans Affairs ("VA"). Compl. ¶ 10. By September 2013, plaintiff was working as a director of operations at the VA's Acquisition Academy in Frederick, Maryland. Compl. ¶ 11. Plaintiff claims that at no point during his tenure at the VA was he educated about or informed of his rights under the FMLA. Compl. ¶ 19. Plaintiff alleges that on September 23, 2013, he requested emergency family medical leave related to his minor son's medical needs but that plaintiff's supervisor Cliff Blount denied the request. Compl. ¶¶ 12–14. Plaintiff states that he then took unapproved leave and that, when he returned to work, he was reprimanded for taking the leave. Compl. ¶ 21. Thereafter, plaintiff claims, his supervisors "harass[ed], humiliate[ed], and bull[ied]" him, making it "difficult for plaintiff to perform his duties." Compl. ¶ 22. Plaintiff states that he then was the subject of an "adverse employment decision in August 2015." Compl. ¶ 23. Plaintiff further alleges his supervisors continue to engage in abusive conduct towards him. Compl. ¶ 24.

Plaintiff filed his complaint in this Court on September 22, 2015. Plaintiff argues his supervisors' actions violated the FMLA by (1) interfering with plaintiff's FMLA rights, (2) retaliating against plaintiff for exercising his FMLA rights, and (3) creating a hostile work environment. *See* Compl. ¶¶ 25–41. He claims defendants are liable for his supervisors' actions because his supervisors acted at all relevant times in the course

and scope of their employment with defendants. Compl. ¶ 8. On December 14, 2015, defendants filed a motion to dismiss for lack of subject matter jurisdiction pursuant to Federal Rule of Civil Procedure 12(b)(1) or for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6). Defs.' Mot. 1. In the alternative, defendants request that this Court transfer this case to the United States District Court for the District of Maryland, pursuant to 28 U.S.C. § 1404(a). Defs.' Mem. of P&A in Supp. of Defs.' Mot. to Dismiss or in the Alternative to Transfer 7–9 [hereinafter "Defs.' Mem."] [Dkt. #5].[1] Plaintiff opposed defendants' motion and also moved for leave to amend his complaint to include his supervisors as defendants. Pls.' Mem. of Law in Opp'n to Defs.' Mot. to Dismiss or Transfer 4 [Dkt. #7].

## STANDARD OF REVIEW

The Court begins and ends with defendants' request that this case be transferred to the District of Maryland. Claims brought under the FMLA are subject to the general venue provision, which is codified at 28 U.S.C. § 1391. *James v. Verizon Servs. Corp.*, 639 F. Supp. 2d 9, 15 (D.D.C. 2009). Accordingly, this action could have been brought:

> in any judicial district in which (A) a defendant in the action resides, (B) a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated, or (C) the plaintiff resides if no real property is involved in the action.

---

[1] Although defendants reference Federal Rule of Civil Procedure 12(b)(3), they do not argue that this case should be dismissed for improper venue but instead appeal to the Court's discretionary power to transfer cases pursuant to 28 U.S.C. § 1404(a). Defs.' Mem. 5, 7–9. Accordingly, the Court construes defendants' motion as it relates to venue to be purely a motion to transfer and not a motion to dismiss.

28 U.S.C. § 1391(e) (governing venue for actions in which a defendant is "an officer or employee of the United States or any agency thereof acting in his official capacity or under color of legal authority, or an agency of the United States, or the United States"). "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought or to any district or division to which all parties have consented." 28 U.S.C. § 1404(a).

"The decision whether or not to transfer the case to another judicial district pursuant to 28 U.S.C. § 1404(a) is discretionary," *In re DRC, Inc.*, 358 F. App'x. 193, 194 (D.C. Cir. 2009), and "[t]he moving party carries the burden of showing that transfer is warranted," *New Hope Power Co. v. U.S. Army Corps of Engineers*, 724 F. Supp. 2d 90, 94 (D.D.C. 2010). Because "transfer under § 1404(a) is restricted to those venues in which the action 'might have been brought,'" the first question for the Court is whether the potential transferee court is a proper venue under 28 U.S.C. § 1391. *Id.* If so, the Court then undergoes a "factually analytical, case-by-case determination of convenience and fairness," *SEC v. Savoy Indus. Inc.*, 587 F.2d 1149, 1154 (D.C. Cir. 1978), by balancing "case-specific factors related to the public interest of justice and the private interests of the parties and witnesses." *Montgomery v. STG Int'l, Inc.*, 532 F. Supp. 2d 29, 32 (D.D.C. 2008).

Among the private interest factors usually considered by courts are: 1) the plaintiff's choice of forum, 2) the defendant's choice of forum, 3) where the claim arose, 4) the convenience of the parties, 5) the convenience of the witnesses, particularly if important witnesses may actually be unavailable to give live trial testimony in one of the districts, and 6) the ease of access to sources of proof. *New Hope Power Co.*, 724 F. Supp. 2d at 94–95. Public interest factors typically include: 1) the local interest in making local decisions about local controversies, 2) the potential transferee court's familiarity with the applicable law, and 3) the congestion of the transferee court compared to that of the transferor court. *Id.* at 95. Transfer is warranted where "the balance of private considerations of the parties of convenience and fairness and public concerns, such as systemic integrity, weigh in its favor." *Id.*

## ANALYSIS

Defendants seek transfer to the District of Maryland. Because Maryland is where "a substantial part of the events or omissions giving rise to the claim occurred," plaintiff could have brought this case in the District of Maryland. 28 U.S.C. § 1391(e)(1). Moreover, the private interest factors weigh in favor of transfer. Although "[c]ourts give considerable deference to the plaintiff's choice of forum," which here, of course, is the United States District Court for the District of Columbia, "[t]hat deference . . . is lessened when plaintiff's forum choice 'lacks meaningful ties to the controversy and [has] no particular interest in the parties or subject matter.'" *S. Utah Wilderness All. v. Norton*,

315 F. Supp. 2d 82, 86 (D.D.C. 2004) (quoting *Islamic Republic of Iran v. Boeing Co.*, 477 F. Supp. 142, 144 (D.D.C. 1979)); *see also Hunter v. Johanns*, 517 F. Supp. 2d 340, 344 (D.D.C. 2007) ("The presumption is weakened, though, when the forum is not plaintiff's home forum and most of the relevant events occurred elsewhere."). Here, plaintiff resides in Virginia. Compl. ¶ 6 (referencing the caption). And although the VA headquarters and Secretary McDonald's office are in Washington, D.C., the alleged operative events giving rise to plaintiff's claims occurred in Maryland. Compl. ¶ 11; *see also* Blount Aff. ¶¶ 4–6. Further, the Court has no cause to believe that the District of Maryland would be an inconvenient venue for the parties in terms of travel time or expenses, and Maryland would certainly be more convenient for the potential witnesses—plaintiff's coworkers and supervisors who work in Maryland—and for access to plaintiff's employment records, which are stored in Maryland. Blount Aff. ¶ 7.

Finally, the public interests are either neutral or lean towards transfer. The District of Maryland is, of course, familiar with the FMLA, and all federal courts are "competent to decide federal issues correctly." *Sierra Club v. Flowers*, 276 F. Supp. 2d 62, 70 n.6 (D.D.C. 2003). The parties do not address the relative congestion of the District of Columbia and the District of Maryland, but "[t]he court has no reason to suspect that the District of Maryland's docket could not accommodate this case" or that "a transfer to the District of Maryland would lead to unnecessary delay." *Barham v. UBS Fin. Servs.*, 496 F. Supp. 2d 174, 180 (D.D.C. 2007). And Maryland's local interest in

this matter is certainly greater than the District of Columbia's, because the individuals and "events that make up the claims' factual predicate are more connected" to Maryland. *Montgomery*, 532 F. Supp. 2d at 34.

Accordingly, for all the foregoing reasons, the Court GRANTS defendants' motion to transfer this case to the District of Maryland. Because transfer is warranted, the Court will not reach defendants' arguments in support of their motion to dismiss or plaintiff's request for leave to amend his Complaint. An Order consistent with this Memorandum Opinion is issued separately on this same date.

_____
RICHARD J. LEON
United States District Judge